Bradbury, J.
This action of the court together with the former entry of dismissal constituted a final judgment terminating the action in the court of common pleas. Prom this judgment dismissing their several answers and cross-petitions, each of the dismissed defendants gave notice of appeal. Three of them, Mollie V. Harrison, H. R. Smith and Jenner & Tracy gave bond and perfected the appeal.
The motion to dismiss the answers and cross-petitions of the above named, five defendants was renewed in the circuit court and overruled. A motion was also made to dismiss the appeal, one ground of which was that Joseph Beifield & Co., and The Marker Pocket Book Co., had failed to put in an appeal bond. This motion was also overruled. Thereupon the cause was tried to the circuit court upon its merits. The court finding the amounts respectively due to Mollie V. Harrison, H. R. Smith and Jenner & Tracy on their several notes executed by Mrs. P. L. Harrison, the mortgagor; the mortgage and contemporaneous agreement was decreed to constitute a general assignment for the equal benefit of ail her creditors.
*616 To this action of the circuit court, the plaintiff in error excepted, and has brought the cause here for review. The only questions arising on the record of sufficient interest to require consideration relate to the action of the circuit court in overruling the motion to dismiss the appeal, and in finding the amounts due on the claims of Mollie V. Harrison, H. R. Smith and Jenner & Tracy.
Two of the grounds only upon which the motion to dismiss the appeal rested will be considered.
1. Could the plaintiff below, upon coming to terms of settlement with, only a part of the defendants, rightfully dismiss the action as to all of them ?
2. If such right did not belong to the plaintiff, were the defendants who perfected the appeal, proper parties to the action, or were they mere interlopers who had no rights that they could assert therein ?
1. The plaintiffs below and three of the defendants, without the knowledge of the others, entered into an agreement by which they divided among themselves substantially all the proceeds of the stock of goods, and then sought by a dismissal of the action, to preclude further enquiry on behalf of those who had been excluded from participation in the division. If the plaintiff below had the right to dismiss his action, and the dismissal was effectual as to.all the parties, the action was ended when so dismissed, and the circuit court should have respected this right of the plaintiff and dismissed the appeal when its attention was called to the matter as was done by the motion under consideration.
*617 Doubtless the general rule is that the plaintiff in an action may dismiss it, and those defendants who have not set forth their claims, by an answer in the nature of a cross-petition, will not be heard to complain. Usually the claim of each defendant in an action, rests upon facts peculiar to it, and those facts differ from the facts upon which the claim of the plaintiff and that of every other defendant is founded. In the ease of a number of mortgages or mechanic’s liens, against the same property, for instance, the rights of the parties grow out of different transactions with the owner of the property, and of necessity, in order to entitle. him to call for affirmative relief, each party must set forth the facts that show his interest or lien upon the property, or its proceeds. If he does not, the record will not disclose the nature of his interest therein and therefore he cannot call on the court for affirmative independent action in his behalf.
This is not so in the action under consideration. The action was brought under section 6343, Revised Statutes, which provides: “All assignments in trust to a trustee or trustees in contemplation of insolvency with intent to prefer one or more creditors shall inure to the equal benefit of all creditors.” * * * qijie right 0f the plaintiff and that of each defendant to have the instruments executed by Mrs. P. L. Harrison declared an assigmment for the equal benefit of all her creditors, rested upon the same transaction. The facts and circumstances to be averred were those which disclosed that, in contemplation of insolvency, she had conveyed the property in question to a trustee with intent to prefer one or more of her creditors. If this was established, the proceeds of the property would be *618 divided among ali her creditors, instead of the favored few. The right of each one of them, therefore, depended upon the construction placed' by the court upon the transaction set forth in the petition. The facts and circumstances upon which the court must act having been stated in the petition, to restate them in an answer would seem tobe a work of superogation ; and where the creditors were numerous to require a restatement of them by each might seriously encumber the record, could serve no useful purpose and would not comport with that simplicity, sought to be attained by our code of civil procedure.
Each defendant who answers should, of course, set forth the facts that establish his character of creditor, thus showing he is within the protection of the statute, but we do not think he should be required to restate the facts which show that the conveyance falls within the statute. If content with the averments of the petition in this respect he may adopt, without repeating them.
The prayer to the answer and cross-petition of Joseph Biefleld & Co., as well as that to the answer and cross-petition of the Marker Pocket Book Co., contains the following reference to the averments of the petition respecting the trust character of the instruments in question; “ These defendants pray that the chattel mortgage given by Mrs. P. L. Harrison to R. Brickerhoff as Trustee, etc. * * * may be declared a general assignment for the benefit of all the creditors, etc. * * * The nature of the proceedings in a ease under section 6343, Revised Statutes, as this was, is such that doubtless, the meresettingforthof his claim by a defendant in his answer and cross-petition, would justify anassumption that he had adopted the averments of the peti *619 tion respecting the character of the conveyance; his omission to include in his own pleading any averments on the subject is explainable only by that assumption. Being content with the sufficiency of the petition in this respect he may well omit to incumber the record by repeating them. But if some reference to these averments of the petition should be required in an answer and cross-petition then we think the reference contained in the prayer above quoted was sufficient for that purpose, and without the consent of the defendants who had thus answered, the plaintiff could not dismiss the action as to them. Therefore their right to proceed in the action was not affected by a dismissal so had, without their consent and its reinstatement upon their motion was right and proper.
2. Were Mollie V. Harrison, H. R. Smith and Jenner and Tracy proper parties to the action? They were the only parties to perfect an appeal by giving bond. Neither of them had been made parties at the time the action was dismissed. However on its reinstatement upon the motion of Joseph Beifleld & Co. and the Marker Pocket Book Co., the former by answer and cross-petition brought them into the action. This could be done by a defendant as well as by the plaintiff, for a defendant’s right to bring new parties into an action is as perfect in that respect as is the right of a plaintiff. If they were proper parties, having thus been brought into the action they could rightfully appeal from a judgment rendered therein by the courtof common pleas. If they were not proper parties, they had no authority to take any step in the action and the appeal would be ineffectual. The correctness of the ruling of the circuit court *620 on this branch of the motion to dismiss the appeal depends therefore upon the determination of the question whether or not these defendants who appealed were proper parties or not.
No part of the claim of Mollie V. Harrison, or of Jenner and Tracy had been reduced to judgment. The claim of each rested in action; being founded on a promissory note held by each, respectively, against the mortgagor. Tt is true that the notes of Jenner and Tracy, and Mollie V. Harrison were among the claims attempted to be secured by the chattel mortgage. They, however, repudiated the transaction, and sought relief under the statute, section 6343, Revised Statutes. This we think they could do although their respective claims had not then been reduced to judgment. The action authorized by this section is not a creditor’s bill, but rest upon the statute which creates the right; and that right is to require a conveyance made to a'trustee in contemplation of insolvency, declared an assignment for the equal benefit of all the creditors of the debtor who made it, although designed for the benefit of a part of them, only. The action is not an equitabLe execution to be invoked upon equitable principles, only after exhausting the legal assets of the debtor.
The right is thecreatureof the statute, — section 6343, Revised Statutes. The statute defines the circumstance that shall clothe the conveyance with the attributes of a general assignment for the benefit of creditors. The rights of creditors attach contemporaneously with the complete execution and delivery of the conveyance, and excepting those who may have secured liens on the property prior thereto, by virtue of judgments or *621 legal process, the rights of a judgment creditor are no greater than the rights of one whose claim rests in action. The rights of each in the property so conveyed are identical, each being entitled to a pro rata share of the proceeds of its sale. The statute now under consideration, unlike the succeeding one — section 6444, Revised Statutes — which deals with conveyances actually or constructively fraudulent — does not declare by whom the action may be brought, but the right it creates being for the benefit of every creditor, the inference is clear that an action under its provisions may be instituted by any one of them, whether his claim has been reduced to judgment or not. Nor is there anything in the nature of the remedy given that conflicts with this inference. That remedy, as we have seen, is to cause the conveyance to be adjudged to constitute an assignment for the equal benefit of all the creditors of the person executing it: and that being done the proceeds of the property are divided ratably among- all creditors who have not previously acquired liens against it. We think, therefore, these defendants, Mollie V. Harrison, H. R. Smith, and Jenner and Tracy were proper parties although their respective claims had not been reduced to judgment, and that the appeal of the cause by either of them would carry the case into the circuit court, and that the motion to dismiss the appeal was therefore properly overruled.
The cause was tried in the Circuit Court upon its merits. The Court found the amounts respectively due to these appellants upon the promissory notes set up by them in their respective cross-petitions, adjudged the chattel mortgage and accompanying instrument to constitute an assignment for the benefit of all the creditors of *622 mortgagor, and ordered the decree certified to the probate court for the appointment of a trustee to execute the trust.
Had the Circuit Court jurisdiction to ascertain the amounts due the appellants upon their respective promissory notes ?
The character of the action and the remedy prescribed, make it one of equitable cognizance. The parties to it are, therefore, in a court of equity, one of the chief characteristics of which is an adequate power to afford full relief to all parties before it. The creditor who brings the action, and each defendant who answers must set forth the fact of their being creditors, otherwise they would appear as mere interlopers. The action is one governed by the code of civil procedure. The rules of pleading requires a party to state the facts which constitute his cause of action, each party, whether plaintiff or defendant, must therefore set forth the facts which make him a creditor in an issuable form, so that if the alleged assignor, desires, he may deny them. If not denied they are admitted; if denied the issue thus raised must be determined by a trial conducted according to established principles and modes of procedure. Whether the facts are confessed, or established by a trial after being’ denied, no principal is apparent for denying to the facts thus judicially ascertained that conclusiveness which attaches to all other judicial determination of questions of fact. The facts having been judicially ascertained the judgment which they authorize would seem to follow as a matter of course. The section of the Statute 6343 Revised Statutes, upon which the action rests in no wise limits the power of the court in this respect. The next succeeding section *623 of the statute provides that if the instrument is declared to constitute an assignment for the benefit of creditors, the trust thus arising shall be administered in the probate court. This provision, however, does not confer upon the- probate court jurisdiction to hear and determine a controversy between a creditor and the assignor respecting the liability of the latter to the former. That the trust is to be administered there, is true, but the contests over the liability of the assignor is not thereby transferred to the probate court.
If this is so as to a controversy arising after the instrument has been declared a trust, upon what ground can the court of common pleas be denied the exercise of its ordinary and general jurisdiction before the trust, which the probate court is to execute has been created ? This succeeding section — • 6344 Revised Statutes — -provides that in certain instances the trust may be executed by the court of common pleas. This provision in no way affects the other powers of that court; but simply provides that the formal execution of the trust— the conversion of the property assigned into money, its distribution among the creditors of the assignor, etc., shall remain in the court of common pleas.
In this connection it has been suggested that the debtor, being in failing circumstances may be indifferent and suffer judgment to be taken against him for larger sums than he owed, and which would bind his estate, to the injury of his other creditors. It may be said in reply to this that the rules of law afford ample relief against fraud or collusion in this respect; yet if the power to relieve against judgment, thus obtained did not exist, the want of *624 it would not deprive the court of common pleas of its ordinary jurisdiction.

Judgment affirmed.